# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br>vs.<br><br>HERMAN JAMES BROWN,<br><br>        Defendant/Movant. | CASE NO. 11cv1667 BEN<br>                   09cr1562 BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE (28 U.S.C. § 2255)** |

Now before the Court is Defendant/Movant Herman James Brown's ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Because the motion is barred by the statue of limitations, the motion is denied.

## RELEVANT BACKGROUND

On March 29, 2009, Movant drove across the California-Mexico border into the United States at the Port of Entry in Calexico, California. The border inspectors found methamphetamine hidden in his vehicle. As a result, a federal grand jury indicted Movant for violations of 21 U.S.C. §§ 952 and 960, and 21 U.S.C. § 841(a)(1). On September 9, 2009, Movant pled guilty pursuant to a written plea

- 1 -

agreement to the first count under 21 U.S.C. §§ 952 and 960.

On February 11, 2010, this Court imposed a sentence of 87 months in prison. Movant did not appeal. On June 6, 2011, Movant filed his §2255 motion. Respondent filed its opposition raising the statute of limitations bar.

## I.    THE STATUTE OF LIMITATIONS

The Court finds that the motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). Although Movant describes in his motion the more relaxed standard of the former Rule 9 of the Rules Governing §2255 Proceedings, which applied prior to 1996, both Rule 9 and §2255 have since been amended. Section 2255 now incorporates a one-year period of limitations within which the motion must be filed. Section 2255(f) of title 28 of the United States Code provides in relevant part,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the Court entered judgment on February 11, 2010. Because no appeal was filed, the judgment became final on February 25, 2010. When the instant motion was filed on June 6, 2011, more than one year had passed.

The Court further notes Petitioner has not alleged an impediment was created by governmental action or that his attempts to file the §2255 motion were otherwise

impeded. Likewise, Petitioner has not asserted a right that has been recently recognized by the Supreme Court and is applied retroactively. And Petitioner does not contend that the facts supporting his claim were not available to him at the time of sentencing or that he could not have discovered those facts through due diligence. Therefore, there is no justification for applying a later starting date for the one-year statute of limitations under Section 2255(f). Finally, Movant makes no case for equitable tolling. Accordingly, the Court finds that the motion is time-barred.

## II. MOVANT WAIVED HIS RIGHT TO COLLATERAL ATTACK

In addition to the untimeliness of the motion, the Court finds Movant waived his right to collaterally attack his conviction and sentence. Movant's plea agreement includes a waiver provision providing, in relevant part,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the Guideline range, or statutory mandatory minimum term, if applicable, recommended by the Government. . .

(Opp., Ex. 4 at pg. 9.)

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). As part of the plea agreement, Petitioner agreed to waive his right to collaterally attack his sentence. (Plea Ag. ¶ XI). The Ninth Circuit has upheld the validity of waivers of the right to collateral attack a sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). Waivers in plea bargaining are "an important component of this country's criminal justice system." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation omitted) (in the context

of a waiver of right to appeal). The Ninth Circuit has held that public policy strongly supports plea agreements. *Id.* Plea bargaining saves the state time and money, allowing it to promptly impose punishment without expending resources. *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)). Additionally, and "perhaps the most important benefit of plea bargaining, is the finality that results." *Id.* at 322.

The right of collateral attack in a criminal case is purely statutory. *Abarca*, 985 F.2d at 1014. A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Id.* A knowing and voluntary waiver is enforceable where the language of the waiver encompasses the grounds raised. *See Patterson-Romo v. United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted) (discussing the right to appeal).

The waiver of a statutory right to challenge a conviction or sentence is knowing and voluntary if the plea agreement as a whole was knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal) (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) ("waivers of appeal must stand or fall with the agreement of which they are a part") (internal quotations and citations omitted). A waiver will be considered knowing and voluntary where the plea colloquy satisfies Rule 11, and the record reveals no misrepresentation or gross mischaracterization by counsel that tainted the plea. *See United States v. Sepulveda-Iribe,* 197 Fed. Appx. 592, 592 (9th Cir. 2006) (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal).

The plea agreement's language in this case clearly embraces a waiver of any collateral attack, including a §2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). The record also reflects that Movant's waiver was knowing and voluntary, as evidenced by his initials on each page of the plea

agreement and his signature at the end of the agreement, and the plea colloquy before the U.S. Magistrate Judge. At sentencing, Movant again acknowledged his waiver of his right to appeal and to otherwise collaterally attack his conviction and sentence. After a careful review of the written plea agreement, the Rule 11 plea colloquy, the sentencing hearing transcript, and the entire record in this matter, this Court finds that the plea and the waiver were knowing and voluntary. Therefore, the Court finds that, pursuant to the plea agreement, Movant waived his right to challenge his conviction and sentence.

## CONCLUSION

For the above stated reasons, the Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. Section 2255 is denied.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: January 16, 2014

Hon. Roger T. Benitez
United States District Judge